**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00261-CV**

_____

**IN RE L&S PRO-LINE, LLC AND LEE BURKETT**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 18-06-07704-CV**

**MEMORANDUM OPINION**

L&S Pro-Line, LLC and Lee Burkett, Relators, filed a petition for a writ of mandamus, asking this Court to order the trial court to vacate orders denying Relators' amended pleas to the jurisdiction. In their petition, L&S and Burkett argue the trial court lacks subject-matter jurisdiction over a third-party action brought by one of the real parties in interest, Garrett Gagliano. Gagliano sued Burkett for allegedly breaching a fiduciary duty to him. Relators argue that because Gagliano's claim is a derivative claim based on his status as an L&S shareholder, Gagliano lost the standing he had when he filed his suit when Burkett purchased his membership

1

interest in L&S. According to Relators, the trial court also lacks subject-matter jurisdiction over counterclaims filed by Tactical Automation, Inc., another real party in interest, because Tactical lacks standing because it is neither a party or third-party beneficiary to any agreements between L&S, Gagliano and Burkett, members who owned an interest in L&S, and because Tactical lacks standing to sue Burkett based on the alleged acts and omissions of L&S. Relators argue that mandamus is an appropriate remedy because otherwise they will be required to participate in a trial over which the trial court lacks subject-matter jurisdiction.

Mandamus will issue only when the petition and record establishes a clear abuse of discretion for which the relator does not have an adequate remedy through an ordinary appeal.[1] After reviewing the petition, the response filed by the Real Parties in Interest Gagliano, Tactical, and Snook Holdings, LLC, Relators' reply to the response, and the documents included in the appendices to the petition, the response, and the reply, we conclude that Relators have not shown that they are entitled to mandamus relief. We deny Relators' petition.[2]

PETITION DENIED.

PER CURIAM

Submitted on December 14, 2020
Opinion Delivered December 30, 2020
Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

[2] *See* Tex. R. App. P. 52.8(a).

2